**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-2278**

───────────────

JOE LOUIS ADAMS, JR.,

    Plaintiff - Appellant,

  v.

ROYAL PARK NURSING AND REHABILITATION,

    Defendant - Appellee.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:20-cv-00634-RJC-DSC)

───────────────

Submitted:  July 29, 2022       Decided:  January 18, 2023

───────────────

Before KING and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Joe Louis Adams, Jr., Appellant Pro Se.  Barry Sidney Cobb, YATES, MCLAMB & WEYHER, LLP, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff Joe Louis Adams, Jr., appeals the district court's order granting the motion of Defendant Liberty Commons Nursing and Rehabilitation Center of Matthews, LLC d/b/a Royal Park of Matthews Rehabilitation & Health Center ("Royal Park") to dismiss for lack of federal question subject matter jurisdiction the action Adams brought as power of attorney on behalf of his now-deceased father.  On appeal, Adams contends that diversity jurisdiction exists over the action because he is a citizen of South Carolina and Royal Park is a citizen of North Carolina.

We review a district court's dismissal for lack of subject matter jurisdiction de novo. *Snyder's-Lance, Inc. v. Frito-Lay N. Am., Inc.*, 991 F.3d 512, 516 (4th Cir. 2021).  Federal jurisdiction may lie either on the basis of diversity, 28 U.S.C. § 1332, or as an action "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331.  Diversity jurisdiction exists when the plaintiff is a citizen of a different State than the defendants and the amount in controversy is greater than $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  "[D]iversity jurisdiction depends on the citizenship status of the parties at the time an action commences."  *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999).

Here, Adams sued as power of attorney on behalf of his father, who, at the time the suit began, was a citizen of North Carolina.  Therefore, we conclude that Adams is deemed a citizen of North Carolina for purposes of this case.  *See F. & H.R. Farman-Farmaian Consulting Eng'rs Firm v. Harza Eng'g Co.*, 882 F.2d 281, 284 (7th Cir. 1989) (noting that allowing grantee, rather than grantor, of power of attorney to determine citizenship would

2

enable parties to manufacture diversity jurisdiction); *cf.* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of an . . . incompetent shall be deemed to be a citizen only of the same State as the . . . incompetent."). Accordingly, because we conclude that diversity jurisdiction is lacking, we deny Adams' pending motions for a transcript, to submit digital media, and for the appointment of counsel, and we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*